UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

**DANIEL MONCADA**,

    Plaintiff,

vs.

**BOB EVANS RESTAURANTS, LLC,**
a foreign limited liability company,

    Defendant.
_____/

## COMPLAINT AND JURY TRIAL DEMAND

Plaintiff DANIEL MONCADA, through undersigned counsel, sues Defendant BOB EVANS RESTAURANTS, LLC, a foreign limited liability company, and alleges as follows:

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans With Disabilities Act, 42 U.S.C. §§12181-12189 ("ADA"), as amended, and 28 C.F.R. Part 36. This is also an action for declaratory and injunctive relief to prevent discrimination which includes equal access to internet website for services to order Defendant's merchandise online. This is also an action for declaratory and injunctive relief to prevent the continuing act of trespass against the Plaintiff's personal property (his handheld mobile smartphone device, hereinafter referred to as "mobile device"), and for compensatory damages to Plaintiff for such trespass. Remedies provided under common law for trespass are not exclusive, and may be sought in connection with suits brought under the ADA.

2. This Court has jurisdiction over this case based on federal question jurisdiction, 28 U.S.C. §1331 and the provisions of the ADA. Plaintiff seeks declaratory and injunctive relief

pursuant to 28 U.S.C. §§ 2201 and 2202. In addition, this Court has supplementary jurisdiction over Plaintiff's common law tort claim pursuant to 28 U.S.C. §1367.

3. Venue is proper in this Court as all actions complained of herein and injuries and damages suffered occurred in the Southern District of Florida.

4. Plaintiff DANIEL MONCADA is a resident of the State of Florida, resides within the Southern District of Florida, is *sui juris*, and is disabled as defined by the ADA and ADA Amendments Act of 2008, 42 U.S.C. §12101 ("ADAAA").

5. Plaintiff is, and at all relevant times has been, suffering from bilateral retinopathy and retina detachment, a permanent eye disease and medical condition that renders him legally blind. Plaintiff thus is substantially limited in performing one or more major life activities, including, but not limited to, accurately visualizing his world and adequately traversing obstacles. As such, he is a member of a protected class under the ADA, 42 U.S.C. § 12102(1) - (2), the regulations implementing the ADA set forth at 28 CFR §§ 36.101, *et seq*., and in 42 U.S.C. 3602, §802(h).

6. As a result of his being legally blind, Plaintiff cannot use his mobile device without the assistance of appropriate and available screen reader software.

7. Defendant BOB EVANS RESTAURANTS, LLC is a foreign limited liability company authorized to do business and doing business in the State of Florida that is in the business of operating a chain of casual dining restaurants to the public. Defendant owns and/or operates over 520 locations throughout the United States and throughout the State of Florida.

8. Plaintiff's vision disability limits him in the performance of major life activities, including sight, and he requires assistive technologies, auxiliary aids and services for effective communication, including communication in connection with his use of a mobile device.

9. Plaintiff frequently utilizes the internet on his mobile device. Due to the fact that he is legally blind, in order to effectively communicate and comprehend information available on the internet and access/comprehend mobile websites, Plaintiff uses commercially available screen reader software to interface with the various mobile websites.

10. At all times material hereto, Defendant was and still is an organization which owns and operates a chain of restaurants under the brand name "Bob Evans Restaurants." Each restaurant is open to the public. As the owner and operator of these restaurants, Defendant is defined as a "public accommodation" within meaning of Title III because Defendant is a private entity which owns and/or operates "[A] bakery, grocery store, clothing store, hardware store, shopping center, or other sales or rental establishment," per 42 U.S.C. §12181(7)(E) and 28 C.F.R. §36.104(2).

11. By virtue of being a restaurant open to the public, each of Defendant's locations is a place of public accommodation subject to the requirements of Title III of the ADA and its implementing regulation; 42 U.S.C. §12182, §12181(7)(E), and 28 C.F.R. Part 36.

12. Defendant controls, maintains, and/or operates an adjunct mobile website called https://www.bobevans.com, that is configured for use by mobile devices such as smartphones to access Defendant's internet website. One of the functions of Defendant's mobile website is to provide the public information on the various locations of Defendant's restaurants that provide casual dining throughout the United States and within the State of Florida. Defendant also sells to the public its food, which can be ordered online, through its associated mobile website.

13. Defendant's associated mobile website also services its stores by providing information on its restaurant offerings, tips and advice, editorials, discounts, sales campaigns, and events, and other information that Defendant is interested in communicating to its customers.

14. Since the mobile website allows the public the ability to locate its restaurants, and sells food offered for sale by Defendant and delivered from or offered to be picked up at its restaurants, the mobile website is an extension of Defendant's physical stores. By this nexus, the mobile website is characterized as a place of public accommodation per 42 U.S.C. § 12181(7)(E), and an extension of Defendant's brick and mortar locations and businesses.

15. Because Defendant's mobile website is a public restaurant that is on-line, where the public can view and purchase Defendant's food, the mobile website is itself a sales establishment, which is a place of public accommodation pursuant to 42 U.S.C. § 12181(7)(E). As such, the mobile website must comply with all requirements of the ADA, and must not discriminate against individuals with disabilities and must not deny full and equal enjoyment of the services afforded to the public.

16. At all times material hereto, Defendant was and still is an organization owning and operating the above-described mobile website htttps://https://www.bobevans.com.  Since the mobile website is open through the internet to the public as a restaurant and is a place of public accommodation under the ADA, Defendant, as the owner and/or operator of the mobile website, is defined as a "public accommodation" within meaning of Title III, 42 U.S.C. §12181(7)(E) and 28 C.F.R. §36.104(2).  As such, Defendant has subjected itself and the associated mobile website it created and maintains to the requirements of the ADA.

17. Plaintiff is and has been a customer who is interested in ordering and purchasing Defendant's food, which is offered at Defendant's physical restaurants and which is also offered and sold through Defendant's mobile website.

18. The opportunity to shop for Defendant's food from his home is an important accommodation for Plaintiff because traveling outside of the home as a blind individual is often

4

a difficult, hazardous, and frightening experience. Defendant has not provided its business information in any other digital format that is accessible for use by blind individuals.

19. Like most consumers, Plaintiff accesses several mobile websites at a time to compare food and prices. When shopping online, Plaintiff may look at several dozens of mobile websites to compare features and prices.

20. During the month of August 2017, Plaintiff attempted on several occasions to utilize Defendant's mobile website to browse through the food to educate himself as to the food being offered and with the intent of making a purchase through the website.

21. Plaintiff utilizes screen reader software, which, when utilized, allows individuals who are blind or visually impaired to communicate with mobile websites. However, Defendant's mobile website contains access barriers that prevent free and full use by blind individuals using keyboards and screen reader software. These barriers are pervasive and include, but are not limited to: missing descriptions and information of site images; mislabeled links; site functions that do not allow for transactions to be understandable; and site functions, like buttons, that are no labeled right.

22. Defendant's mobile website also lacks prompting information and accommodations necessary to allow blind individuals who use screen reader software to locate and accurately fill out online forms to purchase Defendant's food from the website.

23. Plaintiff attempted to locate an "Accessibility Notice" on Defendant's mobile website which would direct him to a webpage with contact information for disabled individuals who have questions, concerns, or who are having difficulties communicating with the business. However, Plaintiff was unable to do so because no such link or notice was provided on Defendant's website.

24. The fact that Plaintiff could not communicate with or within Defendant's mobile website left him feeling excluded, as he is unable to participate in the same online mobile shopping experience and access to food as provided at the mobile website and as experienced by the non-visually impaired public.

25. Plaintiff continues to desire to patronize Defendant's mobile website, but is unable to do so as he is unable to effectively communicate with Defendant due to his blindness. Thus, Plaintiff, as well as others with vision impairments and disabilities, will suffer continuous and ongoing harm from Defendant's intentional acts, omissions, policies, and practices as set forth herein unless properly enjoined by this Court.

26. Because of the nexus between Defendant's restaurants and its mobile website, and the fact that the mobile website clearly requires input from Defendant's restaurants for its operation and use, the mobile website is a place of public accommodation subject to requirements of the ADA.

27. On information and belief, Defendant has not initiated a Web Accessibility Policy to insure full and equal use of its mobile website by individuals with disabilities.

28. On information and belief, Defendant has not instituted a Web Accessibility Committee to insure full and equal use of its mobile website by individuals with disabilities.

29. On information and belief, Defendant has not designated an employee as a Web Accessibility Coordinator to insure full and equal use of the mobile website by individuals with disabilities.

30. On information and belief, Defendant has not instituted a Web Accessibility User Accessibility Testing Group to insure full and equal use of the mobile website by individuals with disabilities.

31. On information and belief, Defendant has not instituted a User Accessibility Testing Group to insure full and equal use of the mobile website by individuals with disabilities.

33. On information and belief, Defendant has not instituted a Bug Fix Priority Policy.

34. On information and belief, Defendant has not instituted an Automated Web Accessibility Testing program.

35. On information and belief, Defendant has not created and instituted a Specialized Customer Assistance line or service or email contact mode for customer assistance for the visually impaired.

36. On information and belief, Defendant has not created and instituted on its mobile website a page for individuals with disabilities, nor displayed a link and information hotline, nor created an information portal explaining when and how Defendant will have the https://www.bobevans.com website, applications, and digital assets accessible to the visually impaired or blind community.

37. On information and belief, Defendant's mobile website does not meet the Web Content Accessibility Guidelines ("WCAG") 2.0 Basic Level of web accessibility.

38. On information and belief, Defendant has not disclosed to the public any intended audits, changes, or lawsuits to correct the inaccessibility of its mobile website to visually impaired individuals who want the safety and privacy of purchasing Defendant's merchandise offered on its mobile website online from their homes.

39. Thus, Defendant has not provided full and equal enjoyment of the services, facilities, privileges, advantages, and accommodations provided by and through the mobile website, in contravention of the ADA.

40. Further, public accommodations under the ADA must insure that their places of public accommodation provide effective communication for all members of the general public, including individuals with disabilities such as Plaintiff.

41. The broad mandate of the ADA is to provide an equal opportunity for individuals with disabilities to participate in and benefit from all aspects of American civic and economic life. That mandate extends to internet shopping mobile websites, such as the https://www.bobevans.com mobile website.

42. On information and belief, Defendant is, and at all times has been, aware of the barriers to effective communication within its mobile website which prevent individuals with disabilities who are visually impaired from the means to comprehend information presented therein.

43. On information and belief, Defendant is aware of the need to provide full access to all visitors to its mobile website.

44. The barriers that exist on Defendant's mobile website result in discriminatory and unequal treatment of individuals with disabilities who are visually impaired, including Plaintiff.

45. Plaintiff has no plain, adequate, or complete remedy at law to redress the wrongs alleged hereinabove, and this suit for declaratory judgment and injunctive relief is his only means to secure adequate and complete redress from Defendant's unlawful and discriminatory practices in connection with its website access and operation.

46. Notice to Defendant is not required because of Defendant's failure to cure the violations. Enforcement of Plaintiff's rights under the ADA is right and just pursuant to 28 U.S.C. §§ 2201 and 2202.

47.     Plaintiff has retained the undersigned attorneys to represent him in this case, and has agreed to pay them a reasonable fee for their services.

## Trespass Violations

48.     Plaintiff utilizes his handheld mobile device to access websites such as the Defendant's https://www.bobevans.com mobile website.  Plaintiff uses his mobile device as a method of conveyance of his personal information.  Plaintiff thus stores his personal information and retains his browsing history on his mobile device.

49.     Throughout its mobile website, Defendant has placed forms of software to collect non-public information on the website's user's preferences and internet browsing habits. Specifically, Defendant informs the mobile website user that the user's personal information and browsing history is collected and is used for targeted marketing and advertising. Further, Defendant discloses that any individual who accesses its mobile website and commences to shop on that website is subject to having his or his personal information conveyed to third parties. According to Defendant's mobile website, those third parties include (but may not be limited to): (i) the Defendant's related affiliated companies (without so naming those other companies); (ii) service providers (without so naming the service providers); (iii) other third parties (without so naming the third parties); (iv) law enforcement officials (if so required to be transmitted by said law enforcement); and (v) to other third-party ad servers.

50.     Because of his blindness, Plaintiff was unable to comprehend Defendant's mobile website; therefore, Plaintiff has had no choice, and likewise no knowledge, of Defendant's installation of data and information tracking software and the collection of the website user's browsing history and analytics placed on the user's handheld device.

51. Based upon the review of Defendant's mobile website, when a user accesses Defendant's mobile website, Defendant installs software onto the user's handheld device, without the user's advance consent or knowledge. It is also clear that Defendant has used browser cookies to identify websites that Plaintiff has previously visited by accessing Plaintiff's web browser history.

52. As such, through its mobile website, Defendant has committed a trespass against the Plaintiff, since the mobile website places software on the Plaintiff's handheld device without Plaintiff's knowledge or consent.

## COUNT I – VIOLATION OF THE ADA

53. Plaintiff re-alleges paragraphs 1 through 47 as if set forth fully herein.

54. Pursuant to 42 U.S.C. §12181(7)(E), Defendant is a public accommodation under the ADA because it owns and/or operates the https://www.bobevans.com mobile website, as defined within §12181(7)(E), and is subject to the ADA.

55. Pursuant to 42 U.S.C. §12181(7)(E), https://www.bobevans.com is a place of public accommodation under the ADA because it provides the general public with the ability to purchase Defendant's food online, and have those purchased items delivered to one's home or picked up from one of Defendant's restaurants. Further, the mobile website also serves to augment Defendant's restaurants by providing the public information on the various locations of the restaurants and to educate the public as to Defendant's food sold on the mobile website and sold at its restaurants.

56. Under Title III of the ADA, 42 U.S.C. § 12182(b)(1)(A)(II), it is unlawful discrimination to deny individuals with disabilities or a class of individuals with disabilities an

opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodation, which is equal to the opportunities afforded to other individuals.

57. Specifically, under Title III of the ADA, 42 U.S.C. § 12182(b)(2)(A)(II), unlawful discrimination includes, among other things, "a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages or accommodations."

58. In addition, under Title III of the ADA, 42 U.S.C. § 12182(b)(2)(A)(III), unlawful discrimination also includes, among other things, "a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden."

59. Defendant's mobile website must be in compliance with the ADA, but it is not, as specifically alleged hereinabove and below.

60. As a result of the inaccessibility of Defendant's mobile website, individuals with disabilities who are visually impaired are denied full and equal enjoyment of the food that Defendant has made available to the public on its mobile website, in violation of 42 U.S.C. §12101. *et seq*, and as prohibited by 42 U.S.C. §12182 *et seq*.

61. A sample review of just part of the Defendant's mobile website reveals that the website is not functional for users who are visually impaired, including, but not limited to, the following:

a) Missing descriptions and information of site images;

b) Mislabeled links;

c) Site functions that do not allow for transactions to be understandable; and

d) Site functions, like buttons, that are no labeled right.          .

*See*, Declaration and Curriculum Vitae of Robert D. Moody, attached as Composite Exhibit "A".

62. More violations may be present on other pages of the mobile website, which can and will be determined and proven through the discovery process in this case.

63. Further, Defendant's mobile website does not offer or include the universal symbol for the disabled that would permit disabled individuals to access the website's accessibility information and accessibility facts.

64. There are readily available, well established guidelines on the internet for making mobile websites accessible to the blind and visually impaired. These guidelines have been followed by other large business entities in making their mobile websites accessible. Incorporating such basic components to make the website accessible would neither fundamentally alter the nature of Defendant's business nor would it result in an undue burden to the Defendant.

65. Defendant has violated the ADA -- and continues to violate the ADA -- by denying access to its mobile website by individuals, such as Plaintiff, with disabilities who are blind and who require the assistance of interface with screen reader software to comprehend and access internet websites.  These violations within Defendant's mobile website are ongoing.

66. The ADA and ADAAA require that public accommodations and places of public accommodation ensure that communication is effective.

67. According to 28 C.F.R. §36.303(b)(1), auxiliary aids and services include "voice, text, and video-based telecommunications products and systems". Indeed, 28 C.F.R. §36.303(b)(2) specifically states that screen reader software is an effective method of making visually delivered material available to individuals who are blind or have low vision.

68. According to 28 C.F.R. §36.303(c), public accommodations must furnish appropriate auxiliary aids and services where necessary to ensure effective communication with individuals with disabilities: "In order to be effective, auxiliary aids and services must be provided in accessible formats, in a timely manner, and in such a way as to protect the privacy and independence of the individual with a disability," 28 C.F.R. §36.303(c)(1)(ii).

69. Part 36 of Title 28 of the C.F.R. was designed and is implemented to effectuate subtitle A of Title III of the ADA, which prohibits discrimination on the basis of disability by public accommodations, and requires places of public accommodation to be designed, constructed, and altered in compliance with the accessibility standards established by Part 36.

70. As alleged hereinabove, Defendant's mobile website has not been designed to interface with the widely and readily available technologies that can be used to ensure effective communication, and thus violates the ADA.

71. As a direct and proximate result of Defendant's failure to provide an ADA compliant mobile website, with a nexus to its brick and mortar stores and physical locations, Plaintiff has suffered an injury in fact by being denied full access to and enjoyment of Defendant's mobile website.

72. As a result of the inadequate development and administration of the https://www.bobevans.com mobile website, Plaintiff is entitled to injunctive relief pursuant to 42 U.S.C. §12133 and 28 C.F.R. §36.303, to remedy the ongoing disability discrimination.

73. Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant Plaintiff appropriate and necessary injunctive relief; including an order to:

a) Require Defendant to adopt and implement a web accessibility policy to make publicly available and directly link from the homepage of the https://www.bobevans.com mobile website to a statement as to the Defendant's policy to ensure persons with disabilities have full and equal enjoyment of the services, facilities, privileges, advantages, and accommodations through its website.

b) Require Defendant to take the necessary steps to make the mobile website readily accessible to and usable by visually impaired users, and during that time period prior to the https://www.bobevans.com mobile website's being readily accessible, to provide an alternative method for individuals with visual impairments to access the information available on the website until such time that the requisite modifications are made, and

c) Require Defendant to provide the appropriate auxiliary aids such that individuals with visual impairments will be able to effectively communicate with the mobile website for purposes of viewing and locating Defendant's restaurant locations, and becoming informed of and purchasing Defendant's food online, and during that time period prior to the mobile website's being designed to permit individuals with visual impairments to effectively communicate, to provide an alternative method for individuals with visual impairments to effectively communicate for such food made available to the general public through Defendant's website.

74. Plaintiff is entitled to recover his reasonable attorney's fees, costs and expenses pursuant to the ADA.  To that end, Plaintiff has been obligated to retain the undersigned counsel for the filing and prosecution of this action, and has agreed to pay them a reasonable fee for their services.

WHEREFORE, Plaintiff requests entry of judgment in his favor and against Defendant for the following relief:

A. A declaration that Defendant's mobile website is in violation of the ADA;

B. An Order requiring Defendant to update its https://www.bobevans.com mobile website to remove barriers in order that individuals with visual disabilities can access the website and effectively communicate with the website to the full extent required by Title III of the ADA;

C. An Order requiring Defendant to clearly display the universal disabled logo within its website, wherein the logo[1] would lead to a page which would state Defendant's accessibility information, facts, policies, and accommodations.  Such a clear display of the disabled logo is to insure that individuals who are disabled are aware of the availability of the accessible features of the https://www.bobevans.com mobile website;

D. An order requiring Defendant to provide ongoing support for web accessibility by implementing a website accessibility coordinator, a website application accessibility policy, and providing for website accessibility feedback to insure compliance thereto.

---

[1] 

E. An Order directing Defendant to evaluate its policies, practices and procedures toward persons with disabilities, for such reasonable time to allow Defendant to undertake and complete corrective procedures to its mobile website;

F. An Order directing Defendant to establish a policy of web accessibility and accessibility features for its website to insure effective communication for individuals who are visually impaired;

G. An award to Plaintiff of his reasonable attorney's fees, costs and expenses; and

H. Such other and further relief as the Court deems just and equitable.

## COUNT II – TRESPASS

75. Plaintiff re-alleges paragraphs 1 through 52 as if set forth fully herein.

76. Plaintiff's tangible personal property, being his mobile device and the personal information and browsing history stored therein, has suffered a trespass by Defendant on each and every date that the Plaintiff has accessed Defendant's mobile website, due to Defendant's employment of software analytics which are present on and through Defendant's mobile website, which the Plaintiff has navigated.

77. At all relevant times, Plaintiff did not consent to and was unaware that Defendant's mobile website was placing software on his computer due to his inability to effectively communicate with and fully view and access the website.

78. Plaintiff did not consent to the placement of tracking and information securing software on his mobile device; therefore, Defendant has committed a trespass against Plaintiff by placing such software on his computer without his knowledge or consent.

79. By the acts described hereinabove, Defendant has repeatedly and persistently engaged in trespass of Plaintiff's personal property in violation of Florida common law against trespass.

80. Defendant's installation, operation, and execution of software on Plaintiff's mobile device has directly and proximately impaired the condition and value of the Plaintiff's mobile device, thereby causing Plaintiff damages.

81. At the Defendant's website location, as part of its "Privacy Policy", Defendant states in pertinent part the following:

What Type of Information do we Collect?

We gather information through two means – navigational information gathered when you visit our Web site and personal information that you provide to us. Generally, the information we collect online helps us respond to your requests, deliver requested services to or for you, and personalize and continually improve your experience at BobEvans.com.

Navigational Information:

When visiting our Web site, BobEvans.com gathers navigational information about where visitors go on our Web site and how our site is working. This information allows us to see which areas of our Web site are most visited and the efficiencies of our site for our visitors. We can thus improve the quality of our visitors' experience by recognizing and delivering more of the features, services and products our visitors prefer. Additional non-personally identifiable information (for example, domain type, browser version, service provider, and IP address) may be collected, which provides additional information regarding a visitor's use of our Web site. BobEvans.com uses this information on an aggregate basis to evaluate the effectiveness of our Web site, to analyze trends and to administer the Web site.

Personal Information:

BobEvans.com may ask you to provide personal information when you establish or update an e-mail account, sign up to receive e-mails or other marketing materials from BobEvans.com, make a gift card purchase, submit a video or a photograph, submit a corporate giving request, send a recipe to a friend, submit a real estate inquiry, request investor information or create a stockholder account, contact us, participate in a contest, complete an employment application, or utilize any other feature where BobEvans.com may need to reply to your activity.

The personal information we collect may include name, postal address, e-mail address, telephone number, recipient's name and address, order information, credit card information, and any other information you choose to provide. If you submit an employment application the information you submit may also include a resume, the type of position you are seeking, your educational background, work experience, salary requirements, and any other information you choose to provide.

*         *         *

What Information do we Share with or Disclose to Third Parties?

We use third parties to help us provide services to you, such as fulfilling online gift card orders, providing electronic online investor information, processing payments, monitoring site activity, conducting surveys, providing location information, and administering e-mails or contests that may occasionally be offered at this Web site or affiliated microsites. If personally identifiable information (i.e., name, address, e-mail address, telephone number) is provided by us or by you directly to any of these third parties, we will require that such information be maintained by them in confidence. Information you provide directly to our third party service provider for electronic online investor information may be shared with us. In the future we may share information with companies in whom we own an interest, for example, Owens Foods.

As we continue to develop our business, we might sell or buy stores, subsidiaries, or business units. In such transactions, customer information generally is one of the transferred business assets but remains subject to the promises made in any preexisting Privacy Policy (unless, of course, the customer consents otherwise). If Bob Evans Farms, Inc., or substantially all of its assets were ever acquired, customer information will of course be one of the transferred assets. Otherwise, BobEvans.com does not sell, rent, or trade the information that you provide to us at this Web site.

You should also be aware that we may disclose specific information about you if necessary to do so by law or based on our good faith belief that it is necessary to conform or comply with the law or is necessary to protect the users of our Web site, the site or the public.

82.     Defendant's trespass to chattels, nuisance, and interference has proximately caused real and substantial damage to Plaintiff as follows:

a)  By consuming the resources of and/or degrading the performance of Plaintiff's mobile device (including space, memory, processing cycles and internet connectivity);

b)  By infringing on Plaintiff's right to exclude others from his mobile device;

c) By infringing on Plaintiff's right to determine, as the owner of his mobile device, which programs should be installed and operated on his mobile device;

d) By compromising the integrity, security, and ownership of Plaintiff's mobile device; and

e) By forcing Plaintiff to expend money, time, and resources in order to remove the programs that had been installed on his mobile device without notice or consent.

83. Defendant's actions were taken knowingly, willfully, intentionally, and in reckless disregard for Plaintiff's rights under the law.

WHEREFORE, Plaintiff demands judgment be entered against Defendant for all of Plaintiff's compensatory damages, interest, costs, and such further relief as the Court deems just and equitable.

DATED: September 14, 2017.

| | |
|---|---|
| **RODERICK V. HANNAH, ESQ., P.A.** | **LAW OFFICE OF PELAYO DURAN, P.A.** |
| Counsel for Plaintiff | Co-Counsel for Plaintiff |
| 8751 W. Broward Blvd., Suite 303 | 4640 N.W. 7th Street |
| Plantation, FL 33324 | Miami, FL 33126-2309 |
| T. 954/362-3800 | T. 305/266-9780 |
| 954/362-3779 (Facsimile) | 305/269-8311 (Facsimile) |
| Email: rhannah@rhannahlaw.com | Email: pduran@pelayoduran.com |
| By    *s/ Roderick V. Hannah* | By    *s/ Pelayo M. Duran* |
| RODERICK V. HANNAH | PELAYO M. DURAN |
| Fla. Bar No. 435384 | Fla. Bar No. 0146595 |